# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC THOMAS MESI, | Case No. 2:19-cv-02183-JCM-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| VANESSA MARIE MESI, ET AL., | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Eric Thomas Mesi's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1) and Complaint (ECF No. 1-1), filed on December 19, 2019.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In this case, Plaintiff appears to be accusing his ex-wife of a criminal conspiracy related to their divorce proceeding and related events in California along with a separate bankruptcy case. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Plaintiff has failed to state any sort of cognizable claim based on federal law. The Court cannot decipher any logical set of facts in his

submission that would give this Court federal question jurisdiction. Moreover, there is no showing that diversity jurisdiction exists in this case as he names defendants who he admits are Nevada residents. As such, the Court therefore concludes that this case is frivolous because it lacks an arguable basis in law and fact. *See Neitzke*, 490 U.S. at 325. Moreover, the complaint does not establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

## **RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this case be **DISMISSED** and that Plaintiff's application to proceed *in forma pauperis* be **DENIED** as moot.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 27, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE